Chicago Smelting and Refining Corporation, Appellant,
v. Thomas H. Sullivan, trading as United Electric
Service Company, Appellee.

Gen. No. 33,038.

Opinion filed April 1, 1929.

GEORGE F. BARRETT and CHARLES V. BARRETT, for appellant; JAMES R. QUINN and EDWARD L. HOYER, of counsel.

SIMS, GODMAN & STRANSKY, for appellee; FRANKLIN J. STRANSKY, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $1,415.86 which it claimed was due for goods sold and delivered. Defendant did not contest plaintiff's claim but interposed a set-off based upon three promissory notes for $500 each, each dated September 21, 1923, due in 30, 60 and 90 days, respectively, after date, each signed by Chicago Smelting and Refining Corporation by L. C. Robinson and payable to the Arthur Storage Battery Supply Company; the three notes were indorsed by the Battery Company and by H. L. and L. C. Robinson. The case was heard on a former appeal and is reported in 246 Ill. App. 538. Upon that trial plain-

tiff had judgment, and defendant being defeated in his claim of set-off appealed. The judgment was reversed mainly for the reason that the court erred in excluding evidence offered by defendant to sustain his claim of set-off. We there said, pp. 543, 544:

"The minutes of the meeting of the corporation indicated that the corporation not only took over the assets of the partnership but also the liabilities as shown by another paper, defendant's Exhibit I, which was excluded by the court but is in the record for identification. This purports to show not only the assets taken over but also the liabilities assumed, which included one item, 'Notes payable $74,048.88.' Standing alone and unexplained, this would be a sufficient basis for the jury reasonably to infer that it included the notes delivered to the defendant and which are the subject of the set-off."

We then discussed the law involved and continuing said:

"This may be *obiter dictum*, as upon the second trial, as we have indicated, there may be competent evidence showing an express agreement by the corporation to assume the liabilities of the partnership."

We do not here set forth the facts because they appear in our former opinion; but we think it is sufficient to say that the notes mentioned in defendant's set-off were signed in the partnership name, viz., Chicago Smelting and Refining Corporation by L. C. Robinson, one of the two partners. Afterwards, about October 31, 1923, plaintiff, Chicago Smelting and Refining Corporation, was incorporated under the laws of the State of Illinois and at that time practically all of the assets of the partnership were owned by Hyman Feinberg, one of the partners. He proposed to turn over to the new corporation "the assets and liabilities" of the old partnership and agreed to guarantee the payment of the legal obligations of the old partnership. This proposition was made upon consideration that

the corporation issue to him 998 shares of its capital stock. The proposition was accepted. Robinson, who signed the notes, had nothing to do with the organization of the corporation and had no interest in it, he having theretofore disappeared. The following April defendant, Sullivan, bought merchandise from the plaintiff corporation, and not having paid for the same plaintiff brought this suit.

On the question of set-off plaintiff took the position that Robinson, who executed the notes, was unauthorized to do so; that the partnership, Chicago Smelting and Refining Corporation, did not owe any sum to the Arthur Storage Battery Supply Company, the payee named in the notes, and had never done business with it. Other contentions were made by plaintiff tending to show that the notes were invalid. A further point was made that the plaintiff corporation was not liable in any event because when the assets of the partnership were turned over to the corporation there was an express agreement entered into between the partnership and the corporation whereby the corporation assumed and agreed to pay certain specified notes of the partnership amounting in the aggregate to $74,048.88; and that the notes in question are not the notes which plaintiff assumed and agreed to pay.

As stated on the former appeal, the evidence showed that the corporation had assumed and agreed to pay $74,048.88 of the partnership notes, but it did not appear whether those notes included the notes in suit, and the judgment was reversed and the cause remanded. On the retrial of the case the evidence there pointed out as lacking was supplied, and it is undisputed that the corporation, in consideration of the assets of the partnership being turned over to it, assumed and agreed to pay certain specified notes and these notes do not include the notes in suit here. The corporation having assumed to pay certain specified notes of the partnership as a part of the consideration

of the partnership assets, under the evidence here shown cannot be held liable for any other notes of the partnership.

From what we have said, it follows that the judgment of the municipal court of Chicago in favor of the defendant on his set-off is wrong and it is reversed. But since the evidence shows that plaintiff is not liable on the notes, the cause will not be remanded; and since there is no defense to plaintiff's claim, judgment will be entered in this court in its favor for the amount of its claim.

The judgment of the municipal court of Chicago is reversed and judgment entered in this court in favor of plaintiff and against the defendant for $1,415.86.

*Judgment reversed and judgment entered here.*

McSURELY, J., concurs.

MATCHETT, J.: I concur in the result but not in all that is said.